[Crim. No. 5347.   Second Dist., Div. Three.   July 22, 1955.]

THE PEOPLE, Respondent, v. HENRY GARCIA SEGURA, Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—On information No. 158835 appellant was accused of grand theft consisting of the wilful, unlawful and felonious taking of a 1951 Oldsmobile 88 club coupe automobile, the personal property of Eleanore Fisher. It was alleged that he had previously been convicted of and served a term of imprisonment for robbery, a felony, and another felony, namely, violation of Dangerous Weapons Control Law. He was arraigned, pleaded not guilty and denied the prior convictions. Thereafter information No. 160606 was filed, accusing appellant of escape from custody of a deputy sheriff of the county of Los Angeles in violation of section 4532 of the Penal Code, a felony, in that while charged with a felony, to wit, violation of section 487, subdivision 3, Penal Code (theft of an automobile) appellant escaped from custody. The former convictions and service of terms of imprisonment were alleged as in information No. 158835. A deputy public defender was appointed to represent appellant at the trial. On motion of the People the two informations were consolidated, information No. 160606 being incorporated as count II of the consolidated information. Appellant withdrew his plea of not guilty as charged in count I (escape) and admitted the two prior convictions as alleged. He was sentenced to state prison upon his plea of guilty and count II of the information was dismissed.

Judgment ordering imprisonment in state prison was issued February 9, 1954. October 14, 1954, appellant made a motion to annul, vacate and set aside the judgment of conviction. The ground of the motion was ''The punishment for escape, section 4532, P. C., is imprisonment in the County Jail, not prison.'' The motion was denied and this appeal followed.

Appellant argues that escape from lawful custody by a person charged with a misdemeanor is a misdemeanor unless the escape is by force or violence, in which case it is a felony. He realizes that if the escape is by one charged with a felony, the escape is a felony under section 4532. He also realizes that the theft of an automobile is grand theft, but he argues that under section 489, Penal Code, which prescribes punishment for grand theft, imprisonment may be in the county jail for not more than one year or in the state prison for not less than one year nor more than 10 years. Appellant cites section 17 of the Penal Code which provides that every crime is a misdemeanor unless it is punishable with death or by imprisonment in the state prison and he relies upon the language of that section: ''When a crime, punishable by

imprisonment in the state prison, is also punishable by fine or imprisonment in the county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment other than imprisonment in the state prison, unless the court commits the defendant to the California Youth Authority.'' He contends that since no judgment was rendered upon the information charging him with grand theft, the offense must be deemed to have been a misdemeanor and therefore his escape, if accomplished without force or violence, was a misdemeanor only. He says in his briefs that he walked away from a deputy sheriff with the latter's consent when he was mistaken for another person, but it is too late for inquiry into the truth of that assertion.

Grand theft of an automobile being punishable by imprisonment in the state prison, it can be reduced to a misdemeanor only by judgment prescribing punishment other than imprisonment in the state prison. Appellant, represented by counsel, pleaded guilty to an offense which was charged as a felony. At that time he could have raised the point that if he had been convicted of grand theft and a sentence of imprisonment in the county jail imposed, his escape (if accomplished without force or violence) would have been a misdemeanor only. He did not object to a dismissal of the charge of grand theft and he thereby cast aside any chance he may have had that in the event of his conviction of grand theft the court would prescribe imprisonment in the county jail. He also cast aside any opportunity he may have had to prove to the court the additional fact for which he now contends, namely, that his escape from custody was without force or violence. Some eight months after judgment was pronounced appellant made his motion that it be vacated. No reason was advanced for the delay.

There were no irregularities in the procedure which resulted in appellant's imprisonment. There is no showing whatever of the existence of a fact which was unknown to appellant and to the court at the time the plea of guilty was entered and judgment was imposed. Appellant seeks his release from custody upon the supposition that if he has been convicted of grand theft he would have been sentenced to imprisonment in the county jail and would have been able to convince the court that his escape was accomplished without force or violence. Dismissal of the charge of grand theft rendered it impossible for facts to be established upon which the trial court could determine that the offense of escape was merely a

misdemeanor, and it is pure supposition upon appellant's part that such facts would have been established if he had objected to the dismissal of the charge of grand theft and had insisted upon being tried upon that charge. Having voluntarily accepted the benefit of the dismissal appellant must abide by the consequences. He may be better off for having pleaded guilty to the charge of escape which enabled him to avoid the additional prosecution for grand theft.

No facts were developed which would have justified the trial court in setting aside the judgment. It was said in *People* v. *Reid,* 195 Cal. 249, 256 [232 P. 457, 36 A.L.R. 1435] : "All of the cases which have come to our attention concur in the conclusion that the writ will not issue for any cause for which the statute provides a remedy and that its functions are strictly limited to an error of fact for which the statute provides no other remedy." And at page 259: "It appears that in each case where the writ of error *coram nobis* has issued to vacate a judgment it has been upon the ground that such judgment was predicated upon the assumed existence of a fact or a condition which did not in truth exist and the nonexistence of which would have prevented the rendition of the judgment if it had been known." Accordingly the factual basis upon which the judgment necessarily rested may be shown to have been unsound by proof of a fact or facts wholly irreconcilable therewith, the existence of which if it had been known, would have prevented rendition of the judgment. But the right to advance this ground of attack is strictly limited. As said in *People* v. *Mendez,* 28 Cal.2d 686, 688 [171 P.2d 425]: "To entitle a defendant to relief by way of the writ of error *coram nobis* he must show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." Appellant has shown no reason for issuance of the writ and his petition was properly denied.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.